IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THOMAS DUFF,

        Petitioner,

v.                                                                Civil Action No. 3:07CV169
                                                                Criminal Action No. 3:06CR27

UNITED STATES OF AMERICA,       (JUDGE BAILEY)

        Respondent.

**REPORT AND RECOMMENDATION
THAT § 2255 MOTION BE DENIED**

**I. INTRODUCTION**

On December 26, 2007, the *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[1] Petitioner filed two separate Attachment's for 2255, on December 31, 2007[2] and May 5, 2008.[3] On May 27, 2008 the Government was ordered to respond.[4] The Government filed a Motion for Extension of Time to File Response on June 23, 2008,[5] which was granted on June 24, 2008.[6] On July 10, 2007, the Government filed its response.[7] Petitioner never filed a Reply.

---

       [1]Docket No 34

       [2]Docket No. 37

       [3]Docket No. 40

       [4]Docket No. 45

       [5]Docket No. 48

       [6]Docket No. 49

       [7]Docket No. 51

## II. FACTS

### A. Conviction and Sentence

On July 14, 2006, petitioner signed a plea agreement by which he agreed to plead guilty to Count One of the Indictment filed in this District, charging petitioner with being a Felon in Possession of a Firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). In the plea agreement, the petitioner waived his right to appeal and to collaterally attack his sentence. Specifically, the petitioner's plea agreement contained the following language regarding his waiver:

> 15. The defendant is aware that Title 18, United States Code, Section 3742 affords him the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was determined) on the grounds set forth in Title 18, Untied States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including by not limited to, a motion brought under Title 28, United States Code, Section 2255. In exchange for the defendant's waiver, the United States waives its right to appeal the sentence. In the event that there would be an appeal, however, each party reserves the right to argue in support of the sentence.

On July 19, 2006, the petitioner entered his plea in open court. Petitioner was forty-two years old and completed high school. (Plea transcript p. 6). Petitioner stated he understood and agreed with all the terms and conditions of the plea agreement. (Id. at 16). The Court specifically asked if petitioner understood the waiver of appellate and post-conviction relief rights. (Id. at 14 - 15). The Court asked petitioner's counsel if he believed petitioner understood the waiver of appellate and post-conviction relief rights. (Id. at 15). The Court then reviewed all

2

the rights petitioner was giving up by pleading guilty. (Id. at 15 - 25). During the plea hearing, the Government presented the testimony of Brian Guay, Special Agent, Bureau of Alcohol, Tobacco and Firearms, to establish a factual basis for the plea. (Id. at 26 - 30). The petitioner did not contest the factual basis of the plea.

After the Government presented the factual basis of the plea, the petitioner advised the Court that he was guilty of Count One of the Indictment. (Id. at 32). The petitioner further stated under oath that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own free will. (Id at 32 - 33). In addition, he testified that the plea was not the result of any promises other than those contained in the plea agreement. (Id. at 32). The petitioner testified that his attorney had adequately represented him, and that his attorney had left nothing undone. (Id. at 33). Finally, petitioner said he was in fact guilty of the crime to which he was pleading guilty. (Id.).

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequences of pleading guilty, and that the elements of the crime were established beyond a reasonable doubt. (Id. at 33 - 34). The petitioner did not object to the Court's finding.

On October 10, 2006, the petitioner appeared before the Court for sentencing. After considering several factors, including the circumstances of both the crime and the defendant and the sentencing objectives of punishment, the Court sentenced the petitioner to a term of 30 months imprisonment.

**B.**     **Appeal**

Petitioner did not pursue a direct appeal.

**C.**     **Federal Habeas Corpus**

Petitioner seeks a sentence reduction, removal of conviction, and a declaration that a state conviction is unconstitutional because, he contends that:

1) the newly recognized "Amendment 12, "[8] passed in 2007, entitles him to a recalculation of his criminal history points;

2) a state conviction of First Degree Assault was unconstitutional because his state attorney was not present at sentencing;

3) the state conviction upon which his federal conviction was premised was unconstitutional because the state indictment was never read to the jury in his state case; and

4) ineffective assistance of counsel.[9]

The Government contends that petitioner's motion fails because:

1) petitioner waived his right to seek post conviction relief;

2) the petition is untimely;

3) "Amendment 12" does not apply retroactively;

---

[8] Presumably, the petitioner means Amendment 709 of the United States Sentencing Guideline, promulgated by the United States Sentencing Commission, effective November 1, 2007.

[9] While the petitioner clearly claims ineffective assistance of counsel, the Court believes that petitioner is claiming that counsel in petitioner's state criminal action was ineffective for not filing an appeal. The Court makes this determination because petitioner's only supporting evidence for his claim of ineffective assistance of counsel is: "Because my attorney did not persue [sic] any type of Apeal [sic] or tell me any thing about ground 3," (Petition, p. 8) and ground three of the petition pertains to petitioner's state conviction.

4

4) the petitioner's underlying state conviction is still valid; and

5) the ineffective assistance of counsel claim would be germane to a habeas challenge of petitioner's state conviction, not his federal conviction.

Petitioner did not file a Reply.

**D.    Recommendation**

Based upon a review of the record, petitioner's § 2255 motion could be denied as untimely. Nevertheless, the undersigned recommends that petitioner's § 2255 motion be denied and dismissed from the docket because petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction.

### III. ANALYSIS

**A.    Whether Petitioner's Motion is Timely**

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2255.

The limitation period shall run from the last of:

1.   The date on which the judgment of conviction becomes final;

2.   The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3.   The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4.   The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

5

In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires. Aikens v. United States, 204 F.3d 1086, 1089 n. 1 (11th Cir. 2000). There are two recognized exceptions to this general rule, which apply when a federal prisoner seeks direct appellate review of his conviction or sentence. First, if, following the disposition of his direct appeal, a federal prisoner files a petition for writ of certiorari with the U.S. Supreme Court, the conviction becomes final when the Supreme Court either denies certiorari or issues a decision on the merits. See Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001). Second, if the federal prisoner does not file a timely certiorari petition after disposition of his direct appeal, the conviction becomes final on the date on which the prisoner's time for filing such a petition expires, which is ninety days after entry of the judgment on direct appeal. See Clay v. United States, 537 U.S. 522, 532 (2003). Here neither exception applies because the petitioner did not file a direct appeal of his conviction.

For federal prisoners, the time for filing a direct appeal expires ten days after the written judgment of conviction is entered on the criminal docket. *See* Fed. R.Ap. P. 4(b)(1)(A)(I), (6). Therefore, the petitioner's conviction became final on October 22, 2006, the date his time for filing a direct appeal expired. Therefore, he had until October 22, 2007, to file his habeas corpus under AEDPA. Because the petitioner did not file his § 2255 motion until December 26, 2007, it is clearly time barred. Furthermore, there is no "mailbox rule" issue because the certificate of service for the Motion Under 28 U.S.C. § 2255 is dated December 19, 2007.

**B.      Whether Petitioner Waived His Right to Collaterally Attack His Sentence**

"[T]he guilty plea and the often concomitant plea bargain are important components of

this country's criminal justice system. Properly administered, they can benefit all concerned." Blackledge v. Allison, 431 U.S. 63, 71 (1977). However, the advantages of plea bargains "can be secure . . . only if dispositions by guilty plea are accorded a great measure of finality." Id. "To this end, the Government often secures waivers of appellate rights from criminal defendants as part of their plea agreement." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).

In United States v. Attar, 38 F.3d 727, 731 (4th Cir. 1994), the Fourth Circuit found that "a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is the result of a knowing and intelligent decision to forgo the right to appeal." The Fourth Circuit then found that whether a waiver is knowing and intelligent "depends upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused." Id. After upholding the general validity of a waiver-of-appeal-rights provision, the Fourth Circuit noted that even with a waiver-of-appeals-rights provision, a defendant may obtain appellate review of certain limited grounds. Id. at 732. For example, the Court noted that a defendant "could not be said to have waived her right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race." Id. Nor did the Court believe that a defendant "can fairly be said to have waived his right to appeal his sentence on the ground that the proceedings following the entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel." Id.

Subsequently, in Lemaster, the Fourth Circuit saw no reason to distinguish between waivers of direct appeal rights and waivers of collateral attack rights. Lemaster, 403 F.3d at 220. Therefore, like the waiver-of-appeal-rights provision, the Court found that the waiver of the right

7

to collaterally attack a sentence is valid as long as it is knowing and voluntary. Id. And, although the Court expressly declined to address whether the same exceptions apply since Lemaster failed to make such an argument, the court stressed that it "saw no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights." Id. at n. 2.

Based on these cases, it appears that ineffective assistance of counsel claims are barred by a valid waiver, to the extent that the facts giving rise to the claims occurred prior to the defendant entering his guilty plea. Only claims arising after the entry of the guilty plea may fall outside the scope of the waiver. Attar, 38 F.3d at 732 [holding it cannot be fairly said that a defendant "waived his right to appeal his sentence on the ground that the proceedings following entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel, for a defendant's agreement to waive appellate review of his sentence is implicitly conditioned on the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations"].

Therefore, when reviewing an ineffective assistance of counsel claim in a case where there is a waiver of collateral-attack rights in a plea agreement, we must first determine whether there is valid waiver. In doing so,

> The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal. Although this determination is often made based on adequacy of the plea colloquy -- specifically, whether the district court questioned the defendant about the appeal waiver – the issue ultimately is evaluated by reference to the totality of the circumstances. Thus, the determination must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.

United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (internal citations and quotations

omitted).

In other words, the Court must examine the actual waiver provision, the plea agreement as a whole, the plea colloquy, and the defendant's ability to understand the proceedings. Id. If the Court finds that the waiver is valid, any IAC claims arising prior to the plea agreement are barred by the waiver.

As to any IAC claims made regarding an attorney's action, or lack thereof, after the plea agreement, the Fourth Circuit has stated the right to challenge a sentence on the ground that "the proceedings following entry of the guilty plea – including both the sentencing hearing itself and the presentation of the motion to withdraw their pleas – were conducted in violation of their Sixth Amendment right to counsel" are not waived by a general waiver of appeal rights contained in the plea agreement. Attar, 38 F.3d at 732-33. Therefore, that IAC claims arising after the guilty plea and/or during sentencing are not barred by a general waiver-of appeal rights.

Several courts have distinguished IAC claims raised in a § 2255 case from those raised on direct appeal. In Braxton v. United States, 358 F. Supp. 2d 497 (W.D.Va. 2005), the Court noted that although the Fourth Circuit has yet to define the scope of waiver of collateral rights, several courts have held that § 2255 waivers should be subject to the same conditions and exceptions applicable to waivers of the right to file a direct appeal. Braxton at 502 (citing United States v. Cannady, 283 F.3d 641,645 n. 3 (4th Cir. 2000) (collecting cases); Butler v. United States, 173 F. Supp. 2d 489, 493 (E.D.Va. 2001)). Nonetheless, the Court distinguished the types of IAC claims available on direct appeal from those available in a § 2255 motion. Specifically, the Court noted:

> Appellate courts rarely hear ineffective assistance of counsel
> claims on direct review. Indeed, '[i]t is well settled that a claim of

9

> ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance.' United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Therefore, the waiver exception recognized in Attar applies only to a very narrow category of cases. In contrast, a rule that defendants are unable to waive their right to bring an ineffective assistance claim in a § 2255 would create a large exception to the scope of § 2255 waivers. In fact, such an exception would render all such waivers virtually meaningless because most habeas challenges can be pressed into the mold of a Sixth Amendment claim on collateral review. The Fifth Circuit has recognized this dynamic by noting that '[i]f all ineffective assistance of counsel claims were immune from waiver, any complaint about process could be brought in a collateral attack by merely challenging the attorney's failure to achieve the desired result. A knowing and intelligent waiver should not be so easily evaded.' United States v. White, 307 F.3d 336, 344 (5th Cir. 2002).

Braxton, 358 F. Supp. 2d at 503. The Court in Braxton further noted that the Tenth Circuit has also distinguished collateral-attack waivers from the situation in Attar and that the Fourth Circuit's holding in United States v. Broughton-Jones, 71 F.3d 1143,1147 (4th Cir. 1995) also supports such a distinction. Braxton, 358 F. Supp. 2d at 503, n. 2. Finally, the Braxton Court found it persuasive that the majority of circuits to have confronted this question "have held that collateral attacks claiming ineffective assistance of counsel that do not call into question the validity of the plea or the § 2255 waiver itself, or do not relate directly to the plea agreement or the waiver, are waivable." Id. at 503. (collecting cases).

The recent unpublished decision United States v. Morris, No. 07-4223, slip op. (4th Cir. Sept. 13, 2007) indicates that when the district court conducts a thorough Rule 11 colloquy and the defendant specifically mentions he waives the right to appeal any sentence below the statutory maximum, the record established that defendant made a knowing and voluntary waiver of rights.

10

Similarly here, the district court conducted a Rule 11 colloquy and the petitioner mentioned he waived his right to appeal any sentence below ten years. (Plea transcript, Pp. 14 - 15, 18 - 20). Petitioner waived his right to collaterally attack the sentence if his sentence was ten years or less. (Plea agreement paragraphs 2, 13, 15). His sentence was 30 months (2.5 years) imprisonment. The only reasonable conclusion is petitioner waived the right to collaterally attack his sentence. Pursuant to Braxton, 358 F. Supp. 2d at 503, petitioner nonetheless retains the right to collaterally attack his sentence by alleging ineffective assistance of counsel, so long as the IAC claims relate to counsel's conduct after the guilty plea.

Here, petitioner's claim of ineffective assistance of counsel concerns the performance of petitioner's counsel during his state case. Not only does this claim relate to a counsel's conduct before the guilty plea, making it a waived claim, but the claim relates to counsel for petitioner's state conviction and cannot be reviewed by this Court in a Motion Under 28 U.S.C. § 2255.

## IV. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's § 2255 petition be **DENIED and DISMISSED** from the docket.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th

Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: August 6, 2008

  /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE